**Marie Myrtha MIRVILLE, Plaintiff/Judgment Creditor,**

v.

**ALLSTATE INDEMNITY COMPANY, Garnishee.**

**Peterson Mirville, Next Friend for Eclamene Mesca, a Minor, Plaintiff/Judgment Creditor,**

v.

**Allstate Indemnity Company, Garnishee.**

**Nos. 97–4211–DES, 97–4213–RDR.**

United States District Court, D. Kansas.

Sept. 21, 1999.

Jerry R. Palmer, Palmer, Lowry, Leatherman & White, L.L.P., Topeka, KS, for Marie Myrtha Mirville, Judgment Creditor, plaintiff.

Patrick E. McGrath, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Joseph A Mirville, Judgment Debtor, defendant.

Richard F. Modin, Dougherty, Modin & Holloway, Kansas City, MO, Daniel R. DeFoe, Blue Springs, MO, for Allstate Indemnity Company, garnishee.

Patrick B. Hughes, Adams & Jones, Chartered, Wichita, KS, Donald W. Bostwick, Wichita, KS, for Computer Sciences Corporation, intervenor.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on Allstate Indemnity Company's Motion for Partial Summary Judgment (Doc. 23). All parties have submitted briefs on this matter and the court is ready to rule.

### FACTUAL BACKGROUND

This case arises from an automobile accident which occurred near Topeka, Kansas, on July 9, 1996. Joseph Mirville was driving a car on Interstate 70 which was struck from behind after he stopped in a lane of traffic. The two passengers in the Joseph Mirville car, plaintiffs Marie Mirville and Eclamene Mesca, were both injured in the accident. Joseph Mirville was a resident of New York prior to, and at the time of, this accident. Joseph Mirville was insured by the garnishee in this case, Allstate Indemnity Company ("Allstate"). The insurance contract was entered into in New York.

The plaintiffs filed separate suits in the Shawnee County District Court against Joseph Mirville for damages resulting from the accident. Joseph Mirville settled the suits by consenting to judgments in the amount of $2,500,000 in favor of Marie Mirville and $320,000 in favor of Eclamene Mesca. Joseph Mirville also agreed to assign his right to sue Allstate for negligently handling his claim and for acting in bad faith in not settling the claims within his policy limits. In return, the plaintiffs agreed not to execute on the judgments against the defendant personally. The plaintiffs then initiated non-wage garnishment actions against Allstate. Those cases were removed to this court and consolidated.

### I. STANDARD FOR SUMMARY JUDGMENT

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. 2505. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat. Laboratory*, 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. 2548.

Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (interpreting Fed. R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., U.S. v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues"). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. 2505.

## II. DISCUSSION

### A. Basis of Plaintiffs' Claims

▅▅▅▅ The plaintiffs' claims are based upon the rights of Joseph Mirville to seek indemnity from Allstate for the handling of his insurance claims. Both Kansas and New York recognize a cause of action by an insured against his insurance company who, when defending and settling claims against the insured, acts in bad faith. *See Bollinger v. Nuss*, 202 Kan. 326, 449 P.2d 502 (Kan.1969); *Pavia v. State Farm Mut.*

*Auto. Ins. Co.* 82 N.Y.2d 445, 605 N.Y.S.2d 208, 626 N.E.2d 24 (N.Y.Ct.App.1993). Under this theory, the insurance company may, in certain circumstances, be held liable to its insured for any judgment which exceeds the insured's policy limits. In Kansas, the insurance company can be held liable not only for acting in bad faith, but also for acting negligently. *Spencer v. Aetna Life & Casualty Ins. Co.*, 227 Kan. 914, 611 P.2d 149, 155 (1980). However, New York has specifically held that more than mere negligence is necessary to support a claim against an insurance company for its actions in defending and settling claims against its insured. The *Pavia* court set the following standard for cases such as this:

> [I]n order to establish a prima facie case of bad faith, the plaintiff must establish that the insurer's conduct constituted a "gross disregard" of the insured's interest—that is, a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer. In other words, a bad-faith plaintiff must establish that the defendant insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the probability that an insured would be held personally accountable for a large judgment if a settlement offer within the policy limits were not accepted.

*Pavia*, 605 N.Y.S.2d 208, 626 N.E.2d at 27–28.

Although the record is not entirely clear as to the exact claims of the plaintiffs, the court has construed the pleadings in this case to include both a negligence claim and a bad faith claim against Allstate in connection with the handling of the plaintiffs' claims against Joseph Mirville. Allstate claims in its motion for partial summary judgment that the claims based upon negligence should be dismissed because New York law does not recognize a cause of action against an insurance company for negligently handling a claim. The plaintiffs claim that Kansas law should govern

this case and that the negligence claim is proper.

## B. Choice of Laws

■ Allstate's motion for partial summary judgment is based upon a claim that, under New York law, the negligence claims fails as a matter of law. Before answering this question, the court must first determine whether Kansas or New York law applies to the issues in this case. Because this case is before the court on diversity of citizenship, the choice of laws rules for the state of Kansas will determine which state's substantive law should be applied. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ The basic principles of Kansas choice of law rules are not disputed by the parties. An action based upon allegations of bad faith or negligence in handling insurance claims arises under contract law. *Glenn v. Fleming*, 247 Kan. 296, 799 P.2d 79 (1990). Kansas courts apply the rule of *lex loci contractus* to choice of law issues involving contract claims. Under this rule, the law where the contract was made governs the action. *Safeco Ins. Co. of America v. Allen*, 262 Kan. 811, 941 P.2d 1365, 1372 (1997). A exception to the *lex loci* rule exists where applying the law of another state would violate Kansas public policy. *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 777 P.2d 1259 (1989).

■ The parties agree that the contract was entered into in the state of New York. Therefore, the law of New York will govern the substantive issues of this claim unless the plaintiff can show that the application of those laws would violate Kansas public policy. Under New York law, insurance companies cannot be held liable for ordinary negligence when failing to settle a claim. The plaintiffs claim that the application of this law would violate settled Kansas public policy because Kansas law holds that companies can be held liable for ordinary negligence. Therefore, the issue becomes whether shielding All-state from liability for ordinary negligence in this case would violate settled Kansas public policy.

The Kansas courts have addressed the issue of the "public policy" exception to the *lex loci contractus* rule in at least two recent opinions. In *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 777 P.2d 1259 (1989), the plaintiff filed a declaratory judgment action to determine whether it could be held to pay punitive damages assessed against the defendant in another law suit. The insurance policy between the parties was issued in Delaware. Under Delaware law, the insurance company would be required to pay the punitive damages on behalf of its insured. The Kansas Supreme Court held that even though the insurance contract in question was entered into in Delaware, and would normally be governed by Delaware law, requiring an insurance company to pay punitive damages would violate Kansas public policy. The basis for this finding was that if the court allowed a defendant to avoid paying punitive damages by having insurance, punitive damages would no longer be a useful tool for punishment and deterrence.

The court finds that the *St. Paul Surplus Lines* case is clearly distinguishable from this case. In *St. Paul Surplus Lines*, the public policy concerns facing the court went well beyond the contractual duties and obligations of the parties. The concern in that case was the effect applying Delaware law to the case would have on effectiveness of punitive damages. Punitive damage awards are designed to punish the wrongdoer for his actions and to deter future conduct. If the court in *St. Paul Surplus Lines* found that Delaware law applied, and a party could purchase insurance to cover punitive damage awards, the basis and effectiveness of the punitive damage award would have been nullified. The public policy concerns in this case, however, deal exclusively with the rights and responsibilities between the contracting parties. There is no larger impact or public policy involved in this case.

The Kansas Supreme Court also addressed the issue of the public policy exception to the *lex loci contractus* rule in *Safeco Ins. Co. of America v. Allen*, 262 Kan. 811, 941 P.2d 1365 (1997). In *Safeco*, the court was faced with the issue of whether to apply Kansas law or Missouri law to a contract dispute involving medical payments under an automobile insurance policy. The insurance policy was issued in Missouri but the plaintiff argued that applying Missouri law to its subrogation claim would violate Kansas public policy. The court disagreed, finding that the policy behind the law in Kansas was not strong enough to bring this dispute within the exception to the choice of laws rules. Therefore, the court held that Missouri law would apply.

The court finds that the facts do not show that applying New York law to this case would violate Kansas public policy concerns. As stated above, this case involves a dispute over Allstate's refusal to settle an insurance claim. There is no dispute that the insurance contract entered into between Joseph Mirville and Allstate was issued in New York. At all times relevant to this case, Joseph Mirville was a resident of New York and Allstate was an Illinois corporation. The only tie this case has to Kansas is that the automobile accident which gave rise to this dispute happened in Kansas.

The plaintiffs go to great lengths and cites numerous cases which show that the Kansas law holding insurance companies to an ordinary negligence standard is based upon public policy. The court agrees that this law, as with many other rules of law developed by the courts, are based upon public policy. However, just because the law in question is based upon public policy does not mean that not applying it, in this case and under these facts, would violate Kansas public policy.

 The parties have submitted briefs which show a conflict as to whether Allstate relied upon New York law or Kansas law when analyzing this case. The court

finds that the issue of what law Allstate used when analyzing this case does not need to be determined in answering the choice of laws issue. The issue before the court is whether applying New York law to the substantive issues in the instant case would violate Kansas public policy, not which state's law was used by Allstate.

The court finds that applying New York law to this case would not violate Kansas public policy. The policy behind Kansas's decision to place an "ordinary negligence" standard on these types of claims is clearly to provide protection to its residents from insurance companies. However, this case does not involve a Kansas resident or insurance company. The issue essentially boils down to whether applying the standard of care concerning the settlement of insurance claims established by the New York courts to a contract entered into in the state of New York, between a New York resident and his insurance company, would violate Kansas public policy. The court finds that it would not.

The "public policy exception" to the *lex loci contractus* rule is just that, an exception. It is not the rule. The plaintiff has failed to show that this case falls into this exception. Therefore, the court finds that under the Kansas choice of law rules, New York law will apply to this case.

### C. Applicability of Summary Judgment under New York Law

 Allstate claims that, under New York law, the plaintiffs' bad faith claim must fail because it is based upon negligence. There is no dispute that New York recognizes a cause of action against an insurance company for bad faith failure to settle a claim. However, unlike Kansas, New York law requires a showing that the insurance company acted "in gross disregard of its insured's interest." Under Kansas law, a plaintiff can recover upon a showing of ordinary negligence.

The court finds that summary judgment is proper as to all of the plaintiffs' claims based upon ordinary negligence. The court has found that New York law should

apply in this case. Based upon the discussion of New York law, it is clear that any claim based upon negligence in this case must be dismissed.

## III. CONCLUSION

The court finds that summary judgment is proper in this case as to claims based upon negligence. The contract which gives rise to this case was entered into in New York. According to the *lex loci contractus* rule, New York law will apply unless doing so would violate Kansas public policy. Given the facts and circumstances present in this case, the court finds that applying New York law would not violate Kansas public policy. Therefore, under the Kansas choice of law rules, New York law will be applied in this case. Because New York does not recognize a cause of action for negligently defending and settling claims against an insured, summary judgment is proper.

The plaintiffs have consistently referred to a bad faith claim as well as a negligence claim. New York does recognize a cause of action based upon bad faith in the defending and settling of insurance claims. The plaintiffs have produced numerous facts which, if proven at trial, would be sufficient to support a finding of liability against Allstate. Therefore, summary judgment is not proper as to the claims of bad faith. Those claims are not affected by this order and will remain in this case.

**IT IS THEREFORE BY THIS COURT ORDERED** that Allstate Indemnity Company's Motion for Partial Summary Judgment (Doc. 23) is granted. The plaintiffs' claims which are based upon negligence are dismissed. The plaintiffs' claims relating to bad faith on the part of Allstate are not affected by this order and will remain in this case.

**IT IS FURTHER ORDERED** that the law of the state of New York will govern all substantive issues in this case.